

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| ANDREW U.D. STRAW, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Civil Action No. 1:22-cv-00104 (UNA) |
| | ) |
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

Plaintiff, a prolific filer in this court and others, has filed a complaint, ECF No. 1, motion for leave to proceed *in forma pauperis* ("IFP"), ECF No. 2, and request for CM/ECF password, ECF No. 3.  His complaint faces several insurmountable hurdles, and the court will thus grant his IFP motion and dismiss the complaint based on immunity, *see* 28 U.S.C. § 1915(e)(2)(B)(iii), and for want of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3).

 Plaintiff, who states that he is as an attorney "licensed at the U.S. Court of Appeals for the 4th Circuit," Compl. ¶ 4, sues the United States, alleging that the U.S. Court of Appeals for the Second Circuit violated his First and Fifth Amendment rights by (1) allegedly dismissing his appeals for baseless procedural reasons, rather than on the merits, *see id.* ¶¶ 6–8, 17–19, 21–3, 28, (2) committing legal error by denying him leave to proceed as an attorney, rather than granting him leave to proceed *pro se* and IFP, *see id.* ¶¶ 9–16, 18, 24, 28–9, and (3) myriad other alleged Clerk docketing errors, *see id.* ¶¶ 14–15, 17–18, 20, 25, 29. He demands $1 million in damages.

First, Plaintiff has essentially sued the United States for damages, but Congress has not waived the United States' immunity from suit, *see FDIC v. Meyer*, 510 U.S. 471, 485–86 (1994), and *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971),

allows damages only when a defendant is sued in an individual capacity. *See Davis v. Passman*, 442 U.S. 228, 245 (1979); *Simpkins v. District of Columbia Gov't*, 108 F.3d 366, 369 (D.C. Cir. 1997) ("*Bivens* actions are for damages . . . if the [ ] defendant is found liable, he becomes personally responsible for satisfying the judgment[.]"). Plaintiff has not sued anyone in an individual capacity, and his claims against the United States for damages are simply not cognizable. *See Meyer*, 510 at 483–85.

Second, courts are absolutely immune from suits for damages for "all actions taken in the judge's judicial capacity, unless these actions are taken in the complete absence of all jurisdiction." *Sindram v. Suda*, 986 F.2d 1459, 1460 (D.C. Cir. 1993); *see also Mireles v. Waco*, 502 U.S. 9, 9 (1991) (acknowledging that a long line of Supreme Court precedents have found that a "judge is immune from a suit for money damages"); *Caldwell v. Kagan*, 865 F. Supp. 2d 35, 42 (D.D.C. 2012) ("Judges have absolute immunity for any actions taken in a judicial or quasi-judicial capacity."). And "will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978); *see also Mireles*, 502 U.S. at 11 ("[J]udicial immunity is not overcome by allegations of bad faith or malice.").

Court staff are also subject to the same immunity. Staff, "like judges, are immune from damage suits for performance of tasks that are an integral part of the judicial process." *Sindram*, 986 F.2d at 1460; *see also Roth v. King*, 449 F.3d 1272, 1287 (D.C. Cir. 2006) ("It is well established that judicial immunity 'extends to other officers of government whose duties are related to the judicial process.'") (quoting *Barr v. Matteo*, 360 U.S. 564, 569 (1959)); *Hester v. Dickerson*, 576 F. Supp. 2d 60, 62 (D.D.C. 2008) (absolute judicial immunity extends to clerks of the court) (citations omitted). Without immunity for judicial staff performing work related tasks,

"courts would face the danger that disappointed litigants, blocked by the doctrine of absolute immunity from suing the judge directly would vent their wrath on clerks, court reporters, and other judicial adjuncts." *Sindram*, 986 F.2d at 1461 (citations omitted); *see also Reddy v. O'Connor*, 520 F. Supp. 2d 124, 130 (D.D.C. 2007) (holding that a "deputy clerk's alleged refusal to file documents [the] plaintiff submitted" was an action "quintessentially 'judicial' in nature because [it was] an integral part of the judicial process."). Plaintiff's allegations against the Second Circuit and its staff fail to overcome this immunity.

Finally, this court lacks subject matter jurisdiction to review the decisions of other federal courts. *See In re Marin*, 956 F.2d 339 (D.C. Cir. 1992); *Panko v. Rodak*, 606 F. 2d 168, 171 n.6 (7th Cir. 1979) ("[I]t it seems axiomatic that a lower court may not order the judges or officers of a higher court to take an action."), *cert. denied*, 444 U.S. 1081 (1980); *United States v. Choi*, 818 F. Supp. 2d 79, 85 (D.D.C. 2011) (stating that federal district courts "generally lack[] appellate jurisdiction over other judicial bodies, and cannot exercise appellate mandamus over other courts") (citing *Lewis v. Green*, 629 F. Supp. 546, 553 (D.D.C. 1986)); *Fleming v. United States*, 847 F. Supp. 170, 172 (D.D.C. 1994) (applying *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 482 (1983), and *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415, 416 (1923)), *aff'd*, No. 94-5079, 1994 WL 474995 (D.C. Cir. 1994), *cert. denied*, 513 U.S. 1150 (1995).

Accordingly, this case is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(iii) and Federal Rule 12(h)(3). Plaintiff's request for a CM/ECF password is denied as moot. A separate order accompanies this memorandum opinion.

Date: January 21, 2022                    *Tanya S. Chutkan*
                                          TANYA S. CHUTKAN
                                          United States District Judge